12-4732-bk, 12-4797-bk, 12-4827-bk
Sapere v. MF Global

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING
A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY
COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the
19th day of May, two thousand fourteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        RALPH K. WINTER,
        GUIDO CALABRESI,
                *Circuit Judges*.

_____

SAPERE WEALTH MANAGEMENT LLC,
GRANITE ASSET MANAGEMENT, SAPERE
CTA FUND, L.P.,

        *Plaintiffs-Appellant*s,

        v.                                                      No. 12-4732-bk
                                                               No. 12-4797-bk
MF GLOBAL HOLDINGS LTD., Plan Administrator,                    No. 12-4827-bk
JAMES W. GIDDENS, Trustee for the SIPA
Liquidation of MF Global, Inc., MFG ASSURANCE
COMPANY, U.S. SPECIALTY INSURANCE
COMPANY, LEAD PLAINTIFFS, HENNIG-
CAREY PROPRIETARY TRADING, LLC,
CHARLES CAREY, JOSEPH NICOFORO, ROBERT
TIERNEY, BRIAN FISHER, SHANE MCMAHON,
MICHAEL METTE, TIMOTHY ZAUG,

REPRESENTATIVE CUSTOMER GROUP,
SANGANI FAMILY LP,

     *Appellees.*

_____

For Plaintiffs-Appellants:               JOHN J. WITMEYER III, Ford Marrin Esposito Witmeyer & Gleser, LLP (John R. Grabowski, Ford Marrin Esposito Witmeyer & Gleser, LLP, Joseph H. Stallings, Howard, Stallings, From & Huston, P.A., *on the brief*), New York, NY

For Appellee MF Global
Holdings Ltd.:               P. BENJAMIN DUKE, Covington & Burling LLP (Anthony J. Sun, Covington & Burling LLP, Brett H. Miller, Morrison & Foerster LLP, *on the brief*), New York, NY

For Appellee James W.
Giddens:               JAMES B. KOBAK, JR. (Jeremy Turk, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY

For Appellee MFG
Assurance Company:               STEPHEN DOODY (Joseph Badtke-Berkow, *on the brief*), Allen & Overy LLP, New York, NY

For Appellee U.S.
Specialty Insurance
Company:               LESLIE S. AHARI (Meredith E. Werner, *on the brief*), Troutman Sanders LLP, McLean, VA

     Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

     **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED** that the appeals are **DISMISSED** as moot.

     Plaintiffs-Appellants Sapere Wealth Management LLC, Granite Asset Management, and Sapere CTA Fund, L.P. (collectively "Sapere") appeal from a judgment entered on November 14, 2012 by the United States District Court for the Southern District of New York (Forrest, *J.*),

which affirmed an April 10, 2012 Memorandum Opinion of the United States Bankruptcy Court for the Southern District of New York (Glenn, *J.*). Sapere argues on appeal that the bankruptcy court erred in allowing insurers of MF Global Holdings Ltd. to pay litigation expenses on behalf of former directors, officers, and employees of MF Global Inc. ("MF Global"). Sapere claims that it and other commodities customers had acquired "vested rights" in the insurance policy proceeds based on a shortfall of funds in their customer accounts at the time of MF Global's bankruptcy.

In April 2014, the Trustee of the liquidation of MF Global under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, began paying commodities customers' net equity claims in full, and Sapere has since received payments covering the entirety of the shortfall in its customer accounts. Accordingly, Sapere no longer has an interest in this litigation, and so the appeals are **DISMISSED** as moot. *See Associated Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 65 (2d Cir. 1994).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK